**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| WIRELESS REMOTE SYSTEM LLC,  ) | |
| a Texas Limited Liability Company,  ) | |
| ) | C.A. No. 6:13-cv- _____ |
| Plaintiff,  ) | |
| ) | JURY TRIAL DEMANDED |
| v.  ) | |
| ) | |
| PIXAVI AS,  ) | |
| a Norwegian Corporation,  ) | |
| ) | |
| Defendant.  ) | |

_____

## COMPLAINT

Plaintiff, Wireless Remote System LLC, ("WRS"), by and through its attorneys, for its Complaint against Defendant Pixavi AS, ("Pixavi"), states as follows:

### THE PARTIES

1.      Plaintiff Wireless Remote System LLC, ("WRS") is a Texas limited liability company, with its principal place of business located at 505 East Travis Street, Suite 205, Marshall, Texas 75670.

2.      Defendant Pixavi is, upon information and belief, a Norwegian corporation with its principal place of business located at Domkirkeplassen 2, 4006 Stavanger, Norway.

### JURISDICTION AND VENUE

3.      This is an action for patent infringement of a United States patent.  Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*

4.      Jurisdiction for this action is based on 35 U.S.C. § 271 and 28 U.S.C. §§ 1331 and 1338(a).  Defendant Pixavi has committed acts of infringement in the State of Texas as alleged below and is engaged in continuous and systematic activities in the State of Texas.

5.      Jurisdiction is also proper against Defendant Pixavi in this judicial district in that Defendant Pixavi maintains an interactive Internet website that is continuously and systematically made available to residents of this judicial district for the knowing and repeated transfer of computer files over the Internet for commercial purposes, and, as such, does not offend traditional notions of fair play and substantial justice and is therefore proper under the *Due Process Clause of the United States Constitution*.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(d) in that the Defendant Pixavi is a non-U.S. corporation, an alien corporation, and therefore it may be sued in any U.S. District Court.

7.      Venue is also proper in that this is a patent infringement case with personal jurisdiction over Defendant Pixavi in this judicial district and, therefore, venue is also proper in this judicial district pursuant to 28 U.S.C. § 1400(b).

8.      Venue is also proper in this judicial district by the fact that the Plaintiff has its principal place of business located in Marshall, Texas, and injury to Plaintiff therefore occurs to Plaintiff in this district.   Defendant Pixavi has transacted business in this district and has committed and/or contributed to patent infringement in this district.

## FACTS AND STATEMENT OF CLAIM

9.      The patents-in-suit are U.S. Patent No. 6,317,039 B1 ("The '039 Patent"), and U.S. Patent No. 6,690,273 B2 ("the '273 Patent").  A true copy of the '039 Patent is attached hereto as Exhibit 1.  A true copy of the '273 Patent is attached hereto as Exhibit 2.

10.     On November 13, 2001, United States Patent No. 6,317,039 B1 ("The '039 Patent"), entitled "Wireless Video and Audio Data Remote System," was issued to John A. Thomason as inventor.  The entire right, title, and interest to the '039 Patent is now assigned to Plaintiff WRS.

11.     On February 10, 2004, U.S. Patent No. 6,690,273 B2 ("the '273 Patent"), entitled "Wireless Video Audio Data Remote System," issued to John A Thomason as inventor.  The '273 Patent issued from a continuation application from the application that issued as the '039 Patent.  The entire right, title, and interest to the '273 Patent is now assigned to Plaintiff WRS.

12.     Defendant Pixavi has infringed and/or continues to infringe the patents-in-suit in that without authority it individually and/or jointly makes, imports, uses, offers to sell, and/or sells, or induces others to make, import, use, offer to sell, and/or sell the patented inventions within the United States, in Texas, and in the Eastern District of Texas.

13.     Defendant Pixavi's products and methods that infringe on Plaintiff's patents-in-suit include, but are not limited to, Defendant Pixavi's hardware described as "Xcaster ST5000," "Xcaster EX5000," "Xcore 6000," "VisiWear ST3500," and "VisiWear EX3500"; Defendant Pixavi's network/hardware system described as "Xkit"; Defendant Pixavi's software systems described as "Go Live 2.0," and "Mirial," and including the service described as "DupleX"; Defendant Pixavi's network solutions described as "ATEX," "ATEX WIFI," "WIMAX," "Xcaster," "Xcaster Mobile WiMAX system," "Xcaster BGAN Hughes," "Xcaster BGAN Nera," and "Xlink," and the use of the hardware, network/hardware system, software systems, and network solutions by itself and others.

14.     By Defendant Pixavi's infringement of the patents-in-suit, Defendant made unlawful gains and profits, and Plaintiff WRS, due to the same infringing conduct by Defendant,

has been deprived of rights and remunerations that would have otherwise come to Plaintiff, but for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WRS, respectfully requests the following relief:

a)     a preliminary injunction enjoining the continuing infringement of the patents-in-suit by Defendant Pixavi and, additionally, enjoining any and all such other persons that are making, importing, offering for sale, selling, and using the infringing products as joint and/or contributory infringers;

b)     a judgment declaring that Defendant Pixavi has infringed Plaintiff WRS's patents-in-suit;

c)     an accounting for damages;

d)     a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant Pixavi from further acts of infringement and, additionally, enjoining any and all such other persons that are manufacturing, importing, offering for sale, selling, and using the infringing products;

e)     an award of its reasonable attorneys' fees if the Court finds this to be an exceptional case within the meaning of 35 U.S.C. § 285;

f)     an award of pre- and post-judgment interest;

g)     an award of costs; and,

h)     a grant of any such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff WRS hereby respectfully demands a jury trial on all claims and issues so triable.

Dated:  March 18, 2013

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:     */s/ Christopher M. Joe*
        Christopher M. Joe
        State Bar No. 00787770
        Chris.Joe@BJCIPLaw.com
        1700 Pacific Avenue
        Suite 4750
        Dallas, Texas 75201
        Telephone:     (214) 466-1272
        Facsimile:      (214) 635-1828


        **O'KELLY ERNST & BIELLI, LLC**
        Sean T. O'Kelly (No. 4349)
        *(To be Admitted Pro Hac Vice)*
        sokelly@oeblegal.com
        901 N. Market Street, Suite 1000
        Wilmington, Delaware  19801
        Telephone:     (302) 778-4000
        Facsimile:      (302) 295-2873


        **ATTORNEYS FOR PLAINTIFF**
        **WIRELESS REMOTE SYSTEM LLC**